**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| IN RE:   **Perez, Elizabeth** | § | CASE NO. _____ |
| **SSN: xxx-xx-2677** | § | **Chapter 13** |
| | § | |
| **Debtor(s)** | § | |

**CHAPTER 13 PLAN AND MOTIONS FOR**
**VALUATION AND LIEN AVOIDANCE**

**☐ AMENDED**

---

If you oppose the Plan's treatment of your claim or any provisions of this Plan, YOU MUST FILE AN OBJECTION to confirmation no later than fourteen (14) days before the confirmation hearing date.

Use of the singular word "debtor" in this Plan includes the plural where appropriate. All section references ("§") are to the Bankruptcy Code unless otherwise noted.

---

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the Plan includes each of the following items.*** If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the Plan.

**1. Plan Overview**

| | | | |
|---|---|---|---|
| **1.1** | A limit on the amount of secured claim based on valuation of collateral for the claim, set out in Sections 7.8 and 7.9, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
| **1.2** | Avoidance of a wholly unsecured lien or judicial lien or nonpossessory, nonpurchase-money security interest, set out in Sections 7.9 and 7.10 | ☐ Included | ☑ Not Included |
| **1.3** | Nonstandard provisions, set out in Section 8 | ☑ Included | ☐ Not Included |

**2. Plan Summary**

**2.1**  Debtor's Plan payment will be ____**$450.00**____ per month, paid by ☑ 3rd Party Epay (if accepted by trustee) , ☐ Payroll Order, or ☐ Direct (Money Order or Cashier's Check). Variable payments, if applicable, are proposed as follows:

  1.  ____**$450.00**____ for months __**1**__ to __**36**__ ;

  The term of the Plan is __**36**__ months. The gross amount to be paid to the trustee (sometimes, the "base amount") is ____**$16,200.00**____ .

**2.2**  Under this Plan, the trustee will pay all allowed priority claims in full; all allowed secured claims to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in sections 7.7 and 7.8; and approximately ____**6%**____ to allowed general unsecured claims. The specific treatment for each class of creditors is set forth below in the Plan.

**This Plan does not allow claims. A creditor must file a proof of claim by the applicable deadline to receive distributions under the plan as confirmed. Creditors are referred to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Western District of Texas, and any applicable Standing Order for information on procedures and deadlines.**

**2.3**   The aggregate value of debtor's non-exempt assets is: ___**$0.00**___.

### 3. Vesting of Estate Property

☐ Upon confirmation of the Plan, all property of the estate **shall** vest in the debtor, shall not remain property of the estate, and shall not be subject to the automatic stay of § 362; provided however, in the event of conversion of this case to chapter 7 the property of the debtor as of the petition date should revest in the estate.

☑ Upon confirmation of the Plan, all property of the estate **shall not** vest in the debtor, shall remain property of the estate, and shall remain subject to the automatic stay of § 362.

### 4. Tax Refunds and Annual Tax Returns

**4.1**   **Tax Refunds.**

A.   Pursuant to Local Rule 3023-1, tax refunds received by the debtor (or either debtor if a joint case) while the chapter 13 case is pending are presumed to be disposable income to be turned over by the debtor(s) upon receipt to the Chapter 13 Trustee. The amount of the tax refund turned over to the trustee shall increase the base amount of the plan. The plan shall be deemed modified accordingly, and the trustee shall file a Notice of Plan Modification within 21 days from the trustee's receipt of the tax refund. The trustee is hereby authorized to endorse a tax refund check if the check is made payable to the debtor(s).

B.   However, the debtor(s) may rebut the presumption that all or a portion of the tax refund is disposable income to be turned over to the trustee, by filing a Notice to Retain all or a portion of the tax refund no later than 30 days of the receipt by the debtor(s) of the tax refund. The Notice to Retain filed by the debtor(s) shall contain 21-day negative notice as set forth in Local Rule 9014-1 and shall be served on the trustee. Such Notice to Retain shall state with specificity the basis as to why all or some portion of the tax refund is not disposable income and debtor(s) shall simultaneously provide to the trustee supporting documentation demonstrating the tax refund sought to be retained is needed to pay expenses that are reasonable and necessary for the support of the debtor(s) or dependents. If the trustee does not file an objection to the Notice to Retain within the 21-day negative notice period, the debtor(s) shall thereafter be entitled to retain and use the amount of the tax refund set forth in the Notice to Retain without further order of the Court. If the trustee timely files an objection to the Notice to Retain, the Court will determine what portion of the tax refund, if any, is disposable income to be turned over by the debtor(s) to the trustee.

C.   Upon receipt by the debtor(s) of a tax refund, the debtor(s) shall hold such tax refund in trust and not spend the tax refund unless and until (i) a Notice to Retain is filed by the debtor(s) and no objection is filed by the trustee to the Notice to Retain within the 21- day period; or (ii) if an objection is timely filed by the trustee to a Notice to Retain, the Court has determined what portion of the tax refund, if any, is disposable income to be turned over by the debtor(s) to the trustee; or (iii) other order of the Court. If the debtor(s) do not intend to file a Notice to Retain with respect to all or a portion of a tax refund, the debtor(s) shall, immediately upon receipt of the tax refund, turnover the tax refund (or such portion of the tax refund that the debtor does not intend to seek to retain) to the trustee as disposable income.

D.   Nothing contained herein shall prevent the Court, by order entered in a particular case, from providing for other treatment of tax refunds received by the debtor(s).

**4.2**   **Annual Tax Returns.**

Debtor shall provide a copy of the annual post-petition income tax return to the trustee pursuant to Local Rule 1007-1(f). If this is a joint case, each debtor shall comply with this provision if separate returns are filed.

### 5. Pre-Confirmation Adequate Protection Payments

Pre-confirmation adequate protection payments under § 1326(a)(1) and § 502(b) shall be made as provided below:

A.   All pre-confirmation payments if required by § 1326(c) and proposed below will be made by the Chapter 13 Trustee without further order of the Court. Such payments shall be considered payments pursuant to § 1326(a) and 28 U.S.C. § 586(e).

B.   If the debtor fails to make the required plan payments and funds on hand are not sufficient to pay all pre-confirmation adequate protection payments due, then such payments shall be paid on a pro rata basis, with the exception of ongoing monthly mortgage payments made by the trustee.

C. Monthly pre-confirmation adequate protection payments will be calculated from the date the first plan payment is due. To receive adequate protection payments, a secured creditor must have on file with the Clerk of the Court a timely filed and allowed proof of claim. The proof of claim must include proof of the creditor's security interest and shall be served on the Chapter 13 Trustee, the debtor and debtor's attorney. The trustee will thereafter commence disbursement of pre-confirmation adequate protection payments in the next regularly scheduled monthly disbursement following the filing of the claim, subject to normal operating procedures.

D. The debtor proposes the following pre-confirmation adequate protection ("AP") payments. The trustee shall apply pre-confirmation adequate protection payments to accrued interest, if applicable, and then to principal. AP payments shall cease upon confirmation of the Plan.

| Creditor & Collateral | Monthly AP Payment | Interest Rate, If Claim is Over Secured | Other Treatment Remarks |
|---|---|---|---|
|  |  |  |  |

### 6. Executory Contracts / Unexpired Leases / Contracts for Deed

**6.1** **Pursuant to § 1322(b)(7) and § 365, debtor hereby elects to assume the following executory contracts, unexpired leases, and/or contracts for deed as follows:**

| Creditor | Property or Contract Description | Current Monthly Payment to be Paid Directly by the Debtor |
|---|---|---|
|  |  |  |

**6.2** **Pursuant to § 1322(b)(7) and § 365, debtor hereby elects to reject the following executory contracts, unexpired leases, and/or contracts for deed:**

| Creditor | Property |
|---|---|
|  |  |

### 7. Treatment of Claims

**7.1** **Administrative Claims & Request for Attorney Fees.**

The trustee shall collect the allowed statutory trustee fee upon receipt of all monies paid by or on behalf of debtor. All other administrative claims, including debtor's attorney fees, shall be paid according to the terms of this Plan.

Upon confirmation of the Plan, the Court approves and awards ___**$4,500.00**___ to debtor's attorney as an administrative claim for legal services performed in this case in accordance with the applicable benchmark. Debtor's attorney may file applications for an additional award of attorney fees pursuant to the Bankruptcy Code, Local Bankruptcy Rules for the Western District of Texas, and any applicable Standing Order. If additional monies are available, the trustee may, within his or her discretion, disburse such funds to this class on a pro rata basis. The trustee shall disburse payments to the attorney as follows:

| Debtor's Attorney | Amount of Fee Paid Through the Plan | Payment Method: | | Additional Provisions |
|---|---|---|---|---|
| Karla P. Griffin Law Firm, PC | $4,500.00 | ☑ Standing Order | ☐ Other |  |

**7.2** **Priority Claims.**

All allowed claims entitled to priority under § 507(a), except § 507(a)(2), shall be paid in full in deferred distributions by the trustee, unless: (1) the holder of a particular claim agrees to a different treatment of such claim; or (2) such claim is provided for under § 1322(a)(4). Unless the Plan provides otherwise, the distributions shall be made by the trustee. If the Plan identifies a creditor's claim as a priority claim and the creditor files the claim as a general unsecured claim, the claim shall be treated as a general unsecured claim unless otherwise ordered by the Court. If any priority claim is filed for a debt that was either not scheduled or scheduled as a general unsecured claim, the claim shall be allowed as a priority claim unless otherwise ordered by the Court. Allowed priority claim(s) shall be paid without interest, unless otherwise ordered by the Court or unless specifically allowed under § 1322(b)(10) and provided for below.

The amount set forth in the Plan is an estimate and if the actual allowed claim is in a different amount, the amount to be paid pursuant to the Plan shall be the amount due on the allowed claim.

Domestic Support Obligations ("DSO"). The trustee shall pay all pre-petition DSO claims through the Plan unless the Court orders otherwise. Debtor shall pay all DSO payments that accrue post-petition directly to the holder, or the holder's agent, pursuant to the terms of the DSO.

The trustee shall disburse payments to the following creditors holding priority claims:

| Creditor | Description | Est. Claim Amount | Est. Monthly Payment |
|---|---|---|---|
|  |  |  |  |

If additional monies are available, the trustee may, within his or her discretion, disburse such funds to this class on a pro rata basis.

**7.3      Arrears on Assumed Executory Contracts/Leases/Contracts for Deed.**

The trustee shall disburse payments for arrears to creditors holding assumed executory contracts, leases, and/or contracts for deeds. The amounts listed below by debtor are estimates. If a creditor files a proof of claim and the claim for arrears or the ongoing monthly payment is in a different amount than stated below, the payments under the Plan shall be based on the creditor's claim unless a different amount is established by court order.

Those creditors holding claims within this class are as follows:

| Creditor & Collateral | Arrears & Treatment of Arrears Through the Plan | Amount of Ongoing Monthly Payment Through the Plan |
|---|---|---|
|  |  |  |

**7.4      Collateral to be Surrendered.**

Upon the entry of an order confirming the Plan or an order modifying the Plan, the stay shall automatically terminate with regard to the collateral surrendered. Upon the entry of such order, the creditor shall have ninety (90) days from the date of the order to file a claim or amended claim as to any deficiency balance that may remain, and such deficiency balance will be paid as a general unsecured claim. Any such claim is subject to objection.

Debtor surrenders the following collateral:

| Creditor | Collateral | Location of Collateral |
|---|---|---|
|  |  |  |

**7.5      Creditors to be Paid Directly by Debtor (Other Than Mortgage Creditors), by a Third Party, or by a Co-Debtor. [USE ONLY IF THERE IS NO DEFAULT]**

Creditors within this class shall retain their liens on the collateral that is security for the claim until the claim has been paid in full as determined by the note and/or applicable nonbankruptcy law.

If certain claims are paid directly by debtor to creditor, debtor shall be deemed acting as a disbursing agent under the Plan for payment of such claims. Such payments shall be made in addition to the payments by debtor to the trustee and are deemed to be payments made pursuant to the Plan.

The following creditors shall be paid directly by debtor, a third party, or a co-debtor:

| Creditor | Collateral | Debt Owed | Monthly Payment | Remarks | Identify Payer |
|---|---|---|---|---|---|
| Gecu | 2023 Kia K5<br>Pay direct by the daughter | $31,959.00 | $599.00 | Direct pay by daughter | Debtor |

**7.6      Mortgage Creditors: Ongoing Mortgage Payments & Direct Mortgage Payments on Debtor's Principal Residence.**

Unless the debtor is current on the mortgage on the petition date, or otherwise provided for under PLAN PROVISIONS **8. Nonstandard Plan Provisions**, the trustee shall pay all post-petition monthly mortgage payments to the mortgagee. Ongoing mortgage payments will be in the amount stated in the allowed proof of claim or pursuant to a Court Order. If debtor makes a Plan payment that is insufficient for the trustee to disburse all ongoing mortgage payments required below, the trustee shall hold plan payments until a sufficient amount is received to make a full ongoing mortgage payment. Debtor shall provide to the trustee all notices received from mortgage creditors including, statements, escrow notices, default notifications, and notices concerning changes of the interest rate if a variable rate mortgage. The automatic stay is modified to permit mortgage creditors to issue such notices.

The trustee shall be authorized to make changes to the ongoing monthly mortgage payments based on notice filed pursuant to Bankruptcy Rule 3002.1(b) and to pay fees, expenses, and charges based on notice filed pursuant to Bankruptcy Rule 3002.1(c). The trustee may request that the debtor file amended schedules I and J, and the debtor shall do so on or within thirty (30) days after receiving such a request from the trustee. If debtor lacks the disposable income to pay the ongoing mortgage payment, the trustee may seek dismissal. The debtor or the trustee may seek to modify the Plan based on debtor's current income, debtor's ongoing mortgage payment obligations, or as otherwise provided in § 1329.

Alternatively, upon the filing by a mortgage creditor of a notice pursuant to Bankruptcy Rule 3002.1(b) or 3002.1(c), the trustee may file a Notice of Increase of Plan Payment with the Court if the trustee reasonably believes that, under the circumstances, the increased payment should be debtor's responsibility. The trustee shall serve the Notice of Increase of Plan Payment on debtor and debtor's counsel. Such circumstances include but are not limited to: (1) increase in the mortgage payment or claim for expense is caused by debtor's failure to pay tax, insurance or other obligations to the mortgagee that the debtor was required to pay directly; (2) cases in which the debtor is paying less than the debtor's full disposable income because the debtor has agreed to pay a 100% dividend to general unsecured creditors; and (3) cases where, because of the increase due the mortgage creditor, the current Plan would fail to pay fully the amount provided under the Plan to allowed secured, priority, and administrative claims and any required amount to be paid to general unsecured claims under the terms of the confirmed Plan by reason of § 1325(a)(4) or otherwise.

The amount set forth in a Notice of Increase of Plan Payment shall become the modified Plan payment, and the Plan base shall be correspondingly increased. The debtor must file a motion to modify Plan, supported by amended schedules I and J as well as income verification, if the debtor believes there is not, at that time, sufficient disposable income to pay the increased Plan payment or there is otherwise basis to amend the Plan rather than pay the increased Plan payment. The debtor's motion to modify Plan shall be filed no later than thirty (30) days after trustee's Notice of Increase in Plan Payment is filed.

**It is possible that a change in the ongoing mortgage payment will affect the distribution to the unsecured creditors, and this provision of the Plan shall serve as adequate notice of the possibility.**

If debtor is current as of the petition date and elects to pay the ongoing mortgage directly but subsequently defaults, debtor should file a motion to modify the Plan within thirty (30) days of receiving notice of the default to provide for the payment of the post-petition mortgage arrears. The future ongoing mortgage payments shall be paid by the trustee. The motion to modify the Plan must state the name, address, and account number of the mortgage creditor to whom payments are to be made; the date the trustee is to commence the ongoing mortgage payments; and the treatment of the post-petition delinquency including the gap between the date when debtor modified the Plan and the date on which the trustee is to commence the ongoing mortgage payments. The trustee may also file a motion to modify the Plan in the event of a post-petition default.

For cause shown, debtor may deviate from the procedures set forth in this provision of the Plan provided that debtor sets forth cause, with specificity, in <u>PLAN PROVISIONS</u> **8. Nonstandard Plan Provisions.** The trustee and any party in interest may object. Debtor shall have the burden of proving at any hearing on confirmation of the Plan cause for such deviation. Avoidance of administrative fees alone shall not be considered cause.

The amounts set forth below are debtor's estimate and the allowed claim shall control as to the amounts. Those creditors holding a secured claim with ongoing mortgage payments are as follows:

| Creditor | Property Address | Monthly Mortgage Payment | Interest Rate (for informational purposes only) | Payment Due Date (per contract) | Paid By: |
|---|---|---|---|---|---|
| Freedom Mortgage Corporation | 681 Plains Blackfoot Dr. El Paso, TX 79927 | $2,836.00 | 3.50% | | ☐ Trustee (Conduit)<br>☑ Debtor (Direct) |

**7.7 Secured Claims: Cure Arrears on Long Term Debt and Mortgage Arrears on Debtor's Principal Residence.**

Arrears on long term debt and pre-petition mortgage arrearage claims shall be paid pursuant to the payment schedule set forth below. Upon discharge, if the pre-petition arrears and the post-petition ongoing payments are current on debtor's principal residence, the default will be deemed cured and the note reinstated according to its original terms, including the retention of any security interest. The pre-petition arrears set forth below are an estimate only and the trustee shall pay the pre-petition arrears based on the proof of claim as filed by the creditor, unless a different amount is allowed pursuant to a court order.

If there are insufficient funds to pay the monthly payment to claims within this class, creditors in this class shall be paid on a pro rata basis. If additional monies are available, the trustee may, within his or her discretion, disburse such funds to this class on a pro rata basis.

The following secured creditors hold claims for arrears in this class:

| Creditor | Collateral Description | Estimated Arrearage | Monthly Payment or Method of Distribution | Interest Rate (If applicable) | Remarks |
|----------|------------------------|---------------------|-------------------------------------------|-------------------------------|---------|
|          |                        |                     |                                           |                               |         |

**7.8    Secured Claims: Treatment of Claim and Motion to Value Collateral Pursuant to § 506; and 910 Day Claims/1 Year Claims.**

Creditors within this class shall retain their liens on the collateral that is security for their claims until the earlier of: (1) the date the underlying debt, as determined by non-bankruptcy law, has been paid in full; or (2) the date discharge is entered under § 1328. If the case is dismissed or converted without completion of all Plan payments, the liens shall be retained by the creditors pursuant to applicable non-bankruptcy law.

Debtor moves to value the collateral described below in the amounts indicated. The values as stated below represent the fair market value of the collateral pursuant to § 506(a)(2). Objections to the valuation of collateral proposed by this motion and the Plan must be filed no later than fourteen (14) days before the the confirmation hearing date. If no timely objection is filed, the relief requested may be granted in conjunction with the confirmation of the Plan.

The trustee shall pay the allowed secured claims, which require the filing of a proof of claim, to the extent of the value of the collateral or the full payment of the claim as specified below, plus interest thereon at the rate specified in this Plan. **Failure of the secured creditor to object will be deemed acceptance of the plan under § 1325(a)(5)(A)** Except for secured claims for which provision is made to pay the full amount of the claim notwithstanding the value of the collateral, the portion of any allowed claim that exceeds the value of the collateral shall be treated as an unsecured claim under section 7.11 below.

| Creditor | Collateral Description | Amount of Debt (Est) | Fair Market Value | Interest Rate | Equal Monthly Payment | Unsecured Claim | 910 Claim? *** |
|----------|------------------------|----------------------|-------------------|---------------|-----------------------|-----------------|----------------|
|          |                        |                      |                   |               |                       |                 | ❑              |

\*\*\* Debtor indicates, by notation ( ☑ ) that the collateral which secures the claim was purchased within 910 days if a vehicle or within 1 year if personal property pursuant to §1325(a) (hanging paragraph).

If additional monies are available, the trustee may, within his or her discretion, disburse such funds to this class on a pro rata basis.

If any secured proof of claim is timely filed for a debt that was either not scheduled or scheduled as unsecured, the claim shall be allowed as secured unless otherwise ordered by the Court. Said claim shall be paid under the Plan with interest at ___**6.25%**___ per annum and shall be paid on a pro rata basis as funds become available after payment of any fixed equal monthly payments payable to other secured creditors listed above.

**7.9     Wholly Unsecured Claims.**

---

**NOTICE OF DEBTOR'S INTENTION TO STRIP A WHOLLY UNSECURED LIEN**

Debtor proposes a Chapter 13 plan that strips your lien secured by real property to a wholly unsecured claim. The Plan alleges that the value of the real property is less than the amount owed on all liens that are senior in priority to your lien. Your claim will receive no distributions as a secured claim but will receive distributions as a general unsecured claim.

If you disagree with the treatment proposed by the Plan that will terminate your lien and that will pay your claim as a general unsecured claim, you must file an objection to the Plan no later than fourteen (14) days before the confirmation hearing date. If you fail to object, the Bankruptcy Court may approve the Plan without further notice.

Upon entry of a Discharge Order, the holder of the lien is required to execute and record a full and unequivocal release of its liens, encumbrances and security interests secured by the real property and to provide a copy of the release to the Trustee, Debtor, and Debtor's counsel. Notwithstanding the foregoing, the holder of a lien that secures post-petition homeowners' association fees and assessments will be allowed to retain its lien, but only to secure (i) post-petition assessments; and (ii) other post-petition amounts, such as legal fees, if such post-petition amounts are incurred with respect to post-petition fees and assessments, and are approved by the Court, if incurred during the pendency of the bankruptcy case.

This provision does not apply if a secured creditor does not file a proof of claim.

Notice of this Plan provision must be provided by the Debtor to the secured creditor in accordance with Fed. R. Bankr. P. 7004.

---

The following claims shall be paid as a general unsecured claim as there is no equity in the collateral to secure the claim.

If the case is dismissed or converted without completion of all Plan payments, the liens shall be retained by the creditors pursuant to applicable non-bankruptcy law.

Those creditors holding secured claims that are wholly unsecured and are within this class are as follows:

| Creditor | Collateral | Fair Market Value | Amount of Senior Lien(s) |
|---|---|---|---|
|  |  |  |  |

**7.10     Motions to Avoid Lien Pursuant to § 522(f).**

The Bankruptcy Code allows certain liens to be avoided. If a lien is avoided, the creditor's claim, to the extent allowed, will be treated as a general unsecured claim under section 7.11. The amount of the debt set forth in the Plan is debtor's estimate and if the actual allowed claim is in a different amount, the unsecured amount to be treated pursuant to the Plan shall be the amount due on the allowed claim.

If the case is dismissed or converted without completion of all Plan payments, the liens shall be retained by the creditors pursuant to applicable non-bankruptcy law.

Debtor moves under § 522(f) to avoid the following liens that impair exemptions. Objections to this treatment must be filed no later than fourteen (14) days before the confirmation hearing date. If no timely objection is filed, the relief requested may be granted in conjunction with the confirmation of the Plan. (Debtor must list the specific exempt property that the lien impairs and the basis of the lien—e.g. judicial lien, non-PMSI, etc.).

| Creditor | Property Subject to Lien | Lien Amount to be Avoided | Secured Amount Remaining | Type of Lien |
|---|---|---|---|---|
|  |  |  |  |  |

**7.11     General Unsecured Claims.**

Creditors within this class hold general unsecured claims that are not otherwise provided for in the Plan, including but not limited to creditors' unsecured claims arising by reason of lien avoidance or lien strip, rejection of executory contracts or leases, or bifurcation of a claim. Payments to holders of allowed claims within this class shall be disbursed on a pro rata basis and shall be disbursed after payment of other creditors. The amounts set forth as unsecured claims in debtor's schedules are estimates only, and payments to holders of allowed general unsecured claims shall be based upon allowed claim amounts.

**8. Nonstandard Plan Provisions**

**Nonstandard Plan Provisions.**

**The following Plan provisions will be effective only if there is a check in the box in section 1.3 of the Plan.**

1.     <u>Agreed Orders</u>

Agreed Orders shall control in any conflict between Plan provisions and the provisions in the Agreed Orders.

2.     <u>Authorization to send monthly bills</u>

Confirmation of the Plan shall constitute authority for creditors, such as lien-holders on real property and lien-holders on vehicles, who receive monies as direct payments from Debtor(s) as a result of Debtor(s) election to pay such monies outside of the plan to send monthly statements as a convenience to the Debtor(s) and such statements shall not be considered a violation of the provisions of the automatic stay.

3.     <u>Certain Pre-Confirmation Disbursements</u>

If a creditor is listed as secured and scheduled to receive pre-confirmation disbursements and post-confirmation payments along with the other secured creditors, but such creditor subsequently files an unsecured claim, then the creditor will not receive any pre-confirmation disbursements and upon confirmation will be paid along with the other unsecured creditors. The funds that were allocated to such creditor as a pre-confirmation disbursement will be distributed on a pro-rata basis to the other secured creditors. Similarly, the funds scheduled to be received by such creditor along with other secured creditors on a pro-rata basis.

4.     <u>Disposable Earnings</u>

Pursuant to 11 U.S.C. § 1322(a)(1) of the Bankruptcy Code, the Debtor(s) shall submit all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan. The Debtor(s) agree to report to the Trustee any changes in income that would necessitate modifying their plan by either increasing or decreasing their plan payment or increasing or decreasing payout to unsecured creditors.

5.     <u>HUD</u>

If any HUD proof of claim is filed which is secured by any real estate that is property of the debtor said HUD claim shall be paid direct as per the original contract with HUD.

6.     <u>Misfiled and Unfiled Creditors Paid Accordingly</u>

If any secured proof of claim is timely filed for a debt that was either not listed or listed as unsecured, the claim shall be allowed as secured unless, it is objected to. Said claims shall be paid under the plan at 5.5% interest. Likewise, if any priority proof of claim is timely filed for a debt that was either not listed or listed as unsecured, the claim shall be allowed as priority unless it is objected to. Said priority claim shall not be paid with any interest.

<u>**Failure to place any nonstandard provision in this section results in the nonstandard provision being void.**</u>

I certify that all nonstandard plan provisions are contained in this section of the Plan.

| | |
|---|---|
| _____**/s/ Karla P. Griffin**_____ | Date:    **12/02/2025** |

Karla P. Griffin
Debtor's Attorney or Pro Se Debtor

State Bar No.    _____**24074659**_____

_____**/s/ Elizabeth Perez**_____
Elizabeth Perez
Debtor

_____
Joint Debtor

# United States Bankruptcy Court
## Western District Of Texas

In re **Perez, Elizabeth** _____

Debtor(s)

Case No. _____

Chapter **13** _____

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the following document(s):

was(were) mailed to all persons in interest at the addresses set forth in the exhibit which is attached hereto, electronically or by first class mail, postage prepaid, on ____**12/02/2025**____.

Dated: ____**12/02/2025**____

**/s/ Karla P. Griffin** _____

Karla P. Griffin
Debtor or Debtor's(s') Counsel
Bar Number: 24074659
Karla P. Griffin Law Firm, PC
1123 E Rio Grande Ave
El Paso, TX 79902-4618
Phone: (915) 562-4357
Email: kgriffin@griffinlawfirmep.com

| | | |
|---|---|---|
| **Affirm, Inc.**<br>Attn: Bankruptcy<br>30 Isabella St, Floor 4<br>Pittsburgh, PA 15212 | **Amex**<br>PO Box 981540<br>El Paso, TX 79998 | **Bank of America**<br>4909 Savarese Circle FL1-908-01-50<br>Tampa, FL 33634 |
| **Bk Of West**<br>Consumer Product Servicing<br>Omaha, NE 68154 | **Capital One**<br>Attn: General Correspondence/Bankruptcy<br>PO Box 30285<br>Salt Lake City, UT 84130 | **Chase Card Services**<br>Attn: Bankruptcy<br>PO Box 15298<br>Wilmington, DE 19850 |
| **Citizens One**<br>Attn: Bankruptcy<br>One Citizens Plaza<br>Providence, RI 02903 | **Credit One Bank**<br>Attn: Bankruptcy Department<br>PO Box 98873<br>Las Vegas, NV 89193 | **Discover Financial**<br>Attn: Bankruptcy<br>PO Box 3025<br>New Albany, OH 43054 |
| **Elizabeth Perez**<br>681 Plains Blackfoot Dr.<br>El Paso, TX 79927 | **Farmers Insurance Group Federal Credit Union**<br>Attn: Bankruptcy<br>P.O. Box 2723<br>Torrance, CA 90509 | **FirstLight Federal Credit Union**<br>Attn: Bankruptcy<br>PO Box 24901<br>El Paso, TX 79914 |
| **Freedom Mortgage Corporation**<br>Attn: Bankruptcy<br>PO Box 50428<br>Indianapolis, IN 46250 | **Gecu**<br>P O Box 20998<br>El Paso, TX 79998 | **Goldman Sachs Bank USA**<br>Lockbox 6112, P.O. Box 7247<br>Philadelphia, PA 19170-6112 |

**Internal Revenue Service**
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

**Karla P. Griffin Law Firm, PC**
1123 E Rio Grande Ave
El Paso, TX 79902-4618

**Lincoln Automotive Finance**
Attn: Bankruptcy
P.O. Box 542000
Omaha, NE 68154-8000

**Rocky Mountain Mortg**
2244 Traywood
El Paso, TX 79935

**Stuart C. Cox, Trustee**
1760 North Lee Trevino
El Paso, TX 79936

**Synchrony/American Eagle**
FL 32896
Attn: Bankruptcy
Orlando,
PO Box 965060

**Tx Dept Housing Comm A**
221 E 11th St
Austin, TX 78701

**U.S. Small Business Administration**
211 N Florence St #201
El Paso, TX 79901

**U.S. Trustee**
615 E. Houston 533
San Antonio, TX 78205

**Wells Fargo Dealer Services**
Attn: Bankruptcy
PO Box 19657
Irvine, CA 92623